VERA M. ELSON, State Bar No. 156327
velson@wsgr.com
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHRISTOPHER D. MAYS, State Bar No. 266510
cmays@wsgr.com
JONATHON JOANNIDES, State Bar No. 311260
jjoannides@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

EDWARD G. POPLAWSKI, State Bar No. 113590
epoplawski@wsgr.com
OLIVIA M. KIM, State Bar No. 228382
okim@wsgr.com
NEIL N. DESAI, State Bar No. 286405
ndesai@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329

Attorneys for Plaintiff
MINERVA SURGICAL, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Minerva Surgical, Inc., a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Hologic, Inc., a Delaware corporation; AND ) <br> CYTYC Surgical Products, LLC, a ) <br> Massachusetts limited liability company, ) <br> ) <br> Defendants. ) <br> ) <br> ) | CASE NO.: 5:17-cv-02013 <br><br> DEMAND FOR JURY TRIAL <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Section 1338 of the Title 28 of the United States Code, Plaintiff Minerva Surgical, Inc. ("Plaintiff" or "Minerva") alleges for its Complaint against Defendants Hologic, Inc. ("Hologic") and CYTYC Surgical Products, LLC ("CYTYC") (collectively "Defendants"), on personal knowledge as to Minerva's own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §271 et. seq.

## THE PARTIES

2. Plaintiff Minerva is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 101 Saginaw Drive, Redwood City, CA 94063.

3. On information and belief, Defendant Hologic is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 250 Campus Drive, Marlborough, Massachusetts 01752.

4. On information and belief, Defendant CYTYC is a limited liability company organized and existing under the laws of the State of Massachusetts with a principal place of business at 250 Campus Drive, Marlborough, Massachusetts 01752.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants. On information and belief, Defendants have had continuous and systematic contacts with this District, regularly transact business within this District, and regularly avail themselves of the benefits of this District. On information and belief, Defendants, directly or through intermediaries (including sales agents and others), use, offer for sale, sell, import, and/or distribute to others for such purposes,

endometrial ablation products for the treatment of abnormal uterine bleeding in the United States and in this District.

7. For example, Defendants sell the NovaSure® ADVANCED Impedance Controlled Endometrial Ablation System ("NovaSure ADVANCED") in the United States and in this District.

8. As another example, Defendants have availed themselves of this District by filing suit against third parties in this District. *See, e.g.*, *Hologic, Inc. et al. v. SenoRx, Inc.*, Case No. 5-08-cv-00133 (N.D. Cal.).

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and under §1400(b) as, among other reasons, Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claims for relief occurred in this District.

**INTRADISTRICT ASSIGNMENT**

10. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

**BACKGROUND**

11. The endometrium (tissue lining of the uterine cavity) can sometimes be the source of abnormal uterine bleeding in women. This condition is sometimes referred to as menorrhagia, or heavy menstrual bleeding. Over 10 million women in the United States alone suffer each year from menorrhagia, which can lead to iron deficiency, severe anemia, shortness of breath, and increased risk of heart problems.

12. Minerva's entire business is focused on developing, manufacturing, and supplying a medical endometrial ablation device for treating this condition. The product is called the Minerva® Endometrial Ablation System ("Minerva EAS").

13. Minerva's device works by thermally ablating the endometrium. Once inserted into the uterine cavity, Minerva's patented technology mechanically deploys Minerva's Plasma Formation Array (the distal end of Minerva's device) into its open state so that the short—and often in-office—ablation procedure can begin. Minerva's patented device uses a high voltage

radio frequency (RF) electric current to ionize a neutral gas that is fully contained and circulated within a smooth, sealed silicone membrane, turning the gas into plasma. The plasma heats the interior surface of the silicon membrane, and the resulting heat is conducted to the tissue in contact with the membrane. The exterior of the membrane thus heats the tissue directly, and further relies on retained moisture in the uterine cavity as an additional mechanism to assist in ablating interstices and other natural folds in the uterine tissue that otherwise may not be in contact with the membrane, thereby providing a more even ablation using significantly less power that other competitive devices.

14. Minerva has invested years and significant resources into researching, developing, testing, obtaining FDA approval for, and bringing to market the Minerva EAS that is designed to improve the efficacy of endometrial ablation procedures. In fact, the FDA-approved post-treatment success rate (heavy menstrual bleeding reduced to a normal level or less) for the Minerva EAS is 91.8%, and the post-treatment amenorrhea rate (menstrual bleeding totally eliminated) is 66%. (*See* Exhibit A (Minerva Summary of Safety and Effectiveness Data (SSED)), at 21, *available at* https://www.accessdata.fda.gov/cdrh_docs/pdf14/p140013b.pdf).) The FDA-approved post-treatment success rate for the NovaSure ADVANCED is 77.7%, and the post-treatment amenorrhea rate (menstrual bleeding totally eliminated) is 36%. (*See* Exhibit D (Novasure Summary of Safety and Effectiveness Data (SSED)), at 18, *available at* https://www.accessdata.fda.gov/cdrh_docs/pdf/P010013b.pdf).)

15. In order to protect its investments and cutting-edge intellectual property, Minerva regularly files patents with the United States Patent and Trademark Office ("USPTO"), and has been granted twenty-five issued patents and has numerous pending applications. One of these patents is U.S. Patent No. 9,186,208 ("the '208 patent"). A true and correct copy of the '208 patent is attached as Exhibit B.

16. On information and belief, Defendants have been competing and continue to directly compete with Minerva using Minerva's own patented technology since at least February 2017 by making, using, offering for sale, selling, and/or importing into the United States for

1 subsequent sale or use the NovaSure ADVANCED.  Defendant Hologic's website announced the

2 very recent launch in the United States of its NovaSure ADVANCED on February 2, 2017.  A

3 true and correct copy of the NovaSure ADVANCED Instructions for Use and Controller

4 Operator's Manual, which can be obtained from Defendants' website

5 (http://novasure.com/sites/novasure/files/MAN-03523-001_009_01_new.pdf), is attached as

6 Exhibit C.

7       17.     The NovaSure ADVANCED is a system for endometrial ablation, as advertised in

8 the NovaSure ADVANCED Instructions for Use and Controller Operator's Manual.  *See, e.g.*,

9 Ex. C at 2.  The NovaSure ADVANCED comprises an elongated shaft with a working end

10 having a compliant energy-delivery surface, as shown in the figure below.  The energy-delivery

11 surface is expandable to a selected planar triangular shape configured for deployment to engage

12 the walls of a patient's uterine cavity:

**Ex. C at 14**



24       18.     The energy-delivery surface of the NovaSure ADVANCED is actuatable by an

25 interior expandable-contractable frame:

| Ex. C at 13 |
|---|
|   |

19. The NovaSure website demonstrates that the frame of the NovaSure Advanced has flexible outer elements in lateral contact with the compliant surface and flexible inner elements not in lateral contact with the compliant surface. On information and belief, the inner and outer elements have substantially dissimilar material properties.

| NovaSure website, http://www.novasure.com/hcp/novasure-advanced |
|---|
|  |

## CLAIMS FOR RELIEF

### (Defendants' Direct and Indirect Infringement of the '208 Patent)

20. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

21. On November 17, 2015, the USPTO duly and legally issued the '208 patent, entitled "Systems for Endometrial Ablation," to Csaba Truckai and Akos Toth as inventors.

22. A true and correct copy of the '208 Patent is attached as Exhibit B.

23. Plaintiff is the assignee and lawful owner of all right, title, and interest in and to the '208 patent.

24. Defendants had knowledge of the '208 patent since at least February 8, 2016. In addition, Defendants knew or should have known that the sale, offer for sale, use, manufacture, and/or importation of the NovaSure ADVANCED would infringe at least claim 13 of the '208 patent due to its use of Minerva's patented technology.

25. On information and belief, Defendants have directly infringed and continue to directly infringe, literally and/or through the doctrine of equivalents, at least claim 13 of the '208 patent by making, using, offering for sale, selling, and/or importing into the United States the NovaSure ADVANCED in violation of 35 U.S.C. § 271(a). Further, on information and belief, Defendants' customers directly infringe at least claim 13 of the '208 patent by using the NovaSure ADVANCED in violation of 35 U.S.C. § 271(a).

26. On information and belief, Defendants have indirectly infringed and continue to indirectly infringe the '208 patent, including by inducing third parties, such as Defendants' customers, to use the NovaSure ADVANCED in violation of 35 U.S.C. § 271(b). On information and belief, Defendants have knowingly induced infringement and have had specific intent to induce infringement of the '208 patent by their activities relating to the marketing, sales, support, and distribution of the NovaSure ADVANCED, including, for example, providing through Defendants' website advertisements and marketing materials instructing and encouraging the use of the NovaSure ADVANCED.

27. On information and belief, Defendants' infringement has been and continues to be willful, wanton, deliberate and/or willfully blind, thereby making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

28. As a result of Defendants' infringement of the '208 patent, Plaintiff has suffered and continues to suffer damages and other harms, including irreparable harm for which there is

no adequate remedy at law unless this Court enjoins the making, using, offering for sale, selling, and/or importing into the United States the NovaSure ADVANCED.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants as follows:

A. Judgment in favor of Plaintiff, and against Defendants, that Defendants have and continue to directly and indirectly infringe one or more claims of the '208 patent, as alleged herein;

B. A preliminary and permanent injunction against Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants, and employees of each of the foregoing, customers and/or licensees and those persons acting in concert or participation with any of them, enjoining and restraining them from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing the infringement of the '208 patent prior to its expiration, including any extensions;

C. An award of damages adequate to compensate for Defendants' infringement of the '208 patent and enhanced damages and interest in accordance with 35 U.S.C. § 284 and proof, including in lost profits, price erosion and/or reasonable royalty, and prejudgment and post-judgment interest at the highest rates allowed by law;

D. Judgment declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff attorneys' fees and costs it has incurred; and

E. Such other and further relief, in law and in equity, as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Minerva demands a trial by jury of this action.

| | | |
|---|---|---|
| 1 | Dated: April 11, 2017 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | Professional Corporation |

By: */s/ Vera M. Elson*
Vera M. Elson

Attorneys for Plaintiff Minerva Surgical, Inc.

COMPLAINT FOR PATENT INFRINGEMENT      -8-      CASE NO. 5:17-CV-02013