**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MINERVA SURGICAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOLOGIC, INC., AND CYTYC SURGICAL PRODUCTS, LLC,<br><br>Defendants. | C.A. No. 18-217-JFB-SRF |

**DEFENDANTS HOLOGIC, INC. AND CYTYC SURGICAL PRODUCTS, LLC'S
SECOND NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF MINERVA SURGICAL, INC.**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's August 13, 2019 Oral Order stating that "Hologic's request for a supplemental Rule 30(b)(6) deposition of Dave Clapper on Topics 6-8, 10-11, and 16 is GRANTED-IN-PART. Hologic shall be permitted to take a deposition limited to no more than three hours on the topics generated by the newly-produced documents," Defendants Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic"), by their attorneys, will take the deposition upon oral examination of Plaintiff Minerva Surgical, Inc. ("Minerva") through one or more of its officers, directors, or managing agents, or other persons who consent to testify on its behalf, with regard to the matters set forth in the attached Schedule A.

The depositions will take place at mutually agreeable dates and locations as may be agreed upon by the parties. The depositions will be taken before a qualified notary public or other officer authorized by law to administer oaths, and will continue from day-to-day, excluding weekends and holidays, until completed. The testimony will be recorded stenographically and will be videotaped. By August 20, 2019, Minerva shall identify in writing those witnesses

24973940.1

Minerva designates to testify on its behalf, the job title of each such witness, and the topics on which each such witness will testify.

| | |
|---|---|
| Dated: August 13, 2019 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| *Of Counsel:* | *s/ Karen L. Pascale* |
| | Karen L. Pascale (#2903) [kpascale@ycst.com] |
| Matthew M. Wolf | Pilar G. Kraman (#5199) [pkraman@ycst.com] |
| Marc A. Cohn | Rodney Square |
| William Z. Louden | 1000 North King Street |
| William O. Young, Jr. | Wilmington, DE 19801 |
| **ARNOLD & PORTER LLP** | Telephone: (302) 571-6600 |
| 601 Massachusetts Ave., NW | |
| Washington, DC 20001-3743 | *Attorneys for Defendants* |
| Telephone: (202) 942-5000 | |
| matthew.wolf@arnoldporter.com | |
| marc.cohn@arnoldporter.com | |
| william.louden@arnoldporter.com | |
| william.young@arnoldporter.com | |
| | |
| Ryan Casamiquela | |
| Marty Koresawa | |
| **ARNOLD & PORTER LLP** | |
| 3 Embarcadero Center | |
| San Francisco, CA 94111-4024 | |
| Telephone: (415) 471-3100 | |
| ryan.casamiquela@arnoldporter.com | |
| marty.koresawa@arnoldporter.com | |
| | |
| Assad Rajani | |
| **ARNOLD & PORTER  LLP** | |
| 3000 El Camino Real | |
| Five Palo Alto Square, Suite 500 | |
| Palo Alto, CA  94306-3807 | |
| Telephone  (650) 319-4500 | |
| assad.rajani@arnoldporter.com | |

## SCHEDULE A

## <u>DEFINITIONS</u>

1.      The phrase "'208 patent" means U.S. Patent No. 9,186,208.

2.      The phrase "Asserted Claims" refers to claims 13, 14, 15, 17, 18, 20, 21, 22 and 23 of the '208 patent.

3.      The phrase "Related Applications" refers to U.S. Patent Application No. 13/667,774, U.S. Patent Application No. 13/267,258, U.S. Provisional Application No. 61/394,693, and U.S. Provisional Application No. 61/556,675.

4.      The terms "Hologic" and "Defendants" mean Defendants Hologic, Inc. and Cytyc Surgical Products, LLC, including any divisions, departments, parents, predecessors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf.

5.      The terms "Minerva," "You," "Your," and "Plaintiff" mean Plaintiff Minerva Surgical, Inc., including any divisions, departments, parents, predecessors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf.

6.      The phrase "Minerva EAS" means the Minerva Endometrial Ablation System, whether the disposable handpiece and/or controller portions, and all of its prototypes or versions, including, without limitation, "Aurora," and any and all components or parts thereof.

7.      The phrase "NovaSure ADVANCED" means the NovaSure® ADVANCED Endometrial Ablation System, also known as NovaSure Generation 4.1.

8. The phrase "NovaSure CLASSIC" means the NovaSure® CLASSIC Endometrial Ablation System, also known as NovaSure Generation 3.

9. The terms "sale" and "sold" include—in addition to actual or true sales—sales arrangements such as leases, rentals, consignments, and other similar transactions.

10. The term "Customer" refers to any past, current, or prospective customers of the Minerva EAS.

11. The term "document" shall have the broadest meaning ascribed to it by Rules 26 and 34(a) of the Federal Rules of Civil Procedure and refers inclusively to any writing of any kind, including originals and all non-identical copies.

12. The term "Communication" includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation, meeting, WebEx meeting, and presentation between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

13. The terms "entity" and "person" include, without limitation, any natural person, association, business entity, company, corporation, partnership, proprietorship, firm, organization, governmental body, agency, or any agent of any of the foregoing.

14. The terms "relate," "refer," "reflect," or "concern" mean discussing, evidencing, mentioning, memorializing, describing, constituting, containing, analyzing, studying, reporting

on, commenting on, recommending, concerning, reflecting, summarizing, relating to, referring to, pertaining to, supporting, refuting, embodying, involved with, consisting of, comprising, showing, commenting upon, and/or purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, support, refute, and/or in any way be relevant to, in whole or in part.

15. The terms "any" and "each" shall be construed to include and encompass "all."

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the topic all subjects that might otherwise be construed to be outside of its scope.

17. The term "including" means "including, without limitation."

18. The use of the singular form of any word includes the plural and vice versa.

## TOPICS

1. The market for the Minerva EAS, including any products that compete in that market and the market shares of competitors in the market, as reflected in documents Minerva produced on or after June 2, 2019.

2. Minerva's marketing of the Minerva EAS, including marketing or strategic plans and marketing materials, as reflected in documents Minerva produced on or after June 2, 2019.

3. The Minerva EAS's advantages or benefits or disadvantages compared to other treatments for menorrhagia, including the features of the Minerva EAS that drive customer demand or impact a Customer's decision to buy the Minerva EAS, as reflected in documents Minerva produced on or after June 2, 2019.

4. Pricing of the Minerva EAS, including average sales price (ASP), discounts, loans, rebates, and/or free products, as reflected in documents Minerva produced on or after June 2, 2019.

5. Sales of the Minerva EAS, including revenues, number of unit sold, costs (including standard costs and research & development costs), profit margins, profits or losses, market share, and prices for the Minerva EAS, as reflected in documents Minerva produced on or after June 2, 2019.

6. The facts and circumstances regarding any harms or hardships you have suffered or will suffer if Hologic is not permanently enjoined, including the facts and circumstances regarding any alleged lost sales, price erosion, lost customers, loss of exclusivity, loss of goodwill, or loss of reputation, as reflected in documents Minerva produced on or after June 2, 2019.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 13, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

---

*Attorneys for Plaintiff Minerva Surgical, Inc.:*

| | |
|---|---|
| Benjamin J. Schladweiler | schladweilerb@gtlaw.com |
| **GREENBERG TRAURIG LLP** | |
| The Nemours Building | |
| 1007 North Orange Street | |
| Suite 1200 | |
| Wilmington, DE 19801 | |

| | |
|---|---|
| Vera M. Elson | velson@wsgr.com |
| Dale R. Bish | dbish@wsgr.com |
| Christopher D. Mays | cmays@wsgr.com |
| **WILSON SONSINI GOODRICH & ROSATI** | |
| 650 Page Mill Road | |
| Palo Alto, CA 94304-1050 | |

| | |
|---|---|
| Edward G. Poplawski | epoplawski@wsgr.com |
| Olivia M. Kim | okim@wsgr.com |
| Erik J. Carlson | ecarlson@wsgr.com |
| Neil N. Desai | ndesai@wsgr.com |
| **WILSON SONSINI GOODRICH & ROSATI** | |
| 633 West Fifth Street, Suite 1550 | |
| Los Angeles, CA 90071 | |

---

August 13, 2019

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Pilar G. Kraman (#5199) *[pkraman@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600

*Attorneys for Defendants, Hologic, Inc. and Cytyc Surgical Products, LLC*