IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MINERVA SURGICAL, INC.<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC,<br><br>Defendants/counterclaimants. | C.A. No. 18-00217-JFB-SRF<br><br>**MEMORANDUM & ORDER** |

Defendants Hologic, Inc., and Cytyc Surgical Products, LLC (collectively, "Hologic") object to the Magistrate Judge's May 20, 2019, oral order (D.I. 152-2) denying Hologic's motion for a protective order as to certain 30(b)(6) deposition topics, requests for production of documents, and depositions of Hologic's employees. (D.I. 145). This is an action for patent infringement under 35 U.S.C. § 101, *et seq.*

I. BACKGROUND

This is the second case between these parties relating to endometrial ablation technologies. The first case, *Hologic, Inc., et al. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF ("Minerva I"), involved Hologic's NovaSure CLASSIC device, and alleged infringement of U.S. Patent Nos. 6,872,183 ("the '183 Patent") and 9,095,348 ("the '348 Patent"). The Court granted Hologic's motion for summary judgment on the issue of infringement and the action proceeded to trial by a jury on the issue of Hologic's patent infringement damages and Minerva's Lanham Act and breach of contract claims (*Minerva I*, D.I. 407, 408 and 498). At trial, Hologic prevailed on the merits of Minerva's

1

Lanham Act false advertising and unfair competition claims. *Id.*, D.I. 498. In the present action, Minerva alleges infringement of U.S. Patent No. 9,186,208 ("the '208 patent") by Hologic's NovaSure ADVANCED device.

The discovery dispute between the parties involves testimony and discovery about communications with the Food and Drug Administration ("FDA") on efficiency rates and changes to Hologic's website regarding efficacy data. Specifically, the dispute centers on Topics 14 and 23 of Hologic's motion for a protective order.[1] D.I. 145. Hologic moved for a protective order, arguing the topics of post-approval FDA communications and subsequent changes to Hologic's website had been found to be irrelevant in *Minerva I*, which involved broader issues than the patent infringement action asserted in this case. In *Minerva I*, Minerva sought discovery on those topics in connection with the deceptive practices claim, which is not at issue in this case.

The Magistrate Judge found the requested discovery relevant to Minerva's burden of proof with respect to lost profits damages, impliedly adopting Minerva's argument that the efficacy rates and marketing were relevant to the nature of the market and competition in the market for determination of lost profits damages. *Id.* at 20-23, 28. The Magistrate Judge states:

> I agree that exploring the why in relation to the change in efficacy rates following communications with the FDA occurred. Whether or not any of this information will ultimately be admissible at trial is another matter for another day, but I believe based on what I've read in the papers and what I've heard in this oral argument, that is relevant to Minerva's obligation to and burden of proof with respect to lost profits[.]

(*Id.* at 23)

---

[1] Also, at issue are Topic Nos. 15-17 and 19-20, Request for Production No. 28, and Third-Party Document Request Nos. 13-14. Hologic conceded at the hearing that the resolution of Topics 14 and 23 would be dispositive of the remaining 30(b)(6) deposition topics and document requests at issue in Hologic's Objections. D.I. 152-2 at 23-24, 29-30.

Hologic objects to the Magistrate Judge's finding, arguing that the finding is clearly erroneous. It contends the efficacy data pertains to Hologic's prior art CLASSIC product (and earlier generations) and not specifically to the ADVANCED product at issue in this case and argues that the "[t]he Magistrate Judge appears to have overlooked the fact that the efficacy data Minerva seeks has nothing to do with any design differences between the prior art CLASSIC and the accused ADVANCED product." D.I. 152 at 7. It disputes Minerva's assertions that the discovery relates to lost profits, arguing that the request for discovery is a reformulation of its failed theories from *Minerva I*. It argues the efficiency data has nothing to do specifically with the accused product and, therefore, cannot possibly be relevant to a patent damages analysis, especially since none of the asserted claims of the '208 patent contain limitations about efficiency. It also challenges Minerva's assertion that the discovery is relevant to the issue of injunctive relief. Further, it contends that responding to the discovery requests would be unduly burdensome because the information is extremely sensitive and must be protected from inadvertent misuse.[2]

I. LAW

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters

---

[2] Hologic's Objections also request a protective order with respect to "depositions of Hologic's employees," (D.I. 152 at 1, 5, 10). That issue was not raised at the May 20, 2019 discovery dispute hearing and will not be addressed by the court. *See Smith Int'l, Inc. v. Baker Hughes Corp.,* 2016 WL 6122927, at *2 (D. Del Oct. 19, 2016) (declining to consider evidence and materials not presented to the Magistrate Judge).

3

are covered by § 636(b)(1)(B).  *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a).

"A district court may refer a nondispositive motion to a magistrate judge 'to hear and determine,'" under subparagraph (A) of § 636(b)(1).  *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(A)).  Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order.  *Id.*; see Fed. R. Civ. P. 72(a).  "If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *EEOC*, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)(A)).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.*

A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law.  *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).  A finding of fact can be set aside as clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007).  The district court must accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

4

III. CONCLUSION

The Court finds the Magistrate Judge's decision is not clearly erroneous or contrary to law. Based on her familiarity with this case, the Magistrate Judge committed no error in determining that the disputed discovery may be relevant to issues in the case or may lead to the discovery of relevant evidence. The Court finds that Hologic confuses discoverability with admissibility. For purposes of discovery, relevancy is broadly construed. *See Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999) (stating "[i]t is well recognized that the federal rules allow broad and liberal discovery"). Whether the information is admissible is a separate question. Information within the scope of discovery as set forth in Federal Rule of Civil Procedure 26 "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The discovery materials appear tangentially relevant to Minerva's burden to prove lost profits in the context of market conditions and competitive relationships. If the probative value of the evidence does not outweigh the danger of prejudice or possibility of confusion, the evidence will not be admitted at trial. *Id.* (noting that the parties resisting discovery were "getting ahead of themselves" and that "[w]e are currently dealing with discovery, not the admission or weight of any evidence[.]"). Hologic's concerns regarding the "sensitivity" of the documents are readily addressed by a proper designation pursuant to the Protective Order in this case. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's oral order (D.I. 152-2) is affirmed.
2. The defendants' objections (D.I. 152) are denied.

5

3. The Magistrate Judge's oral order is adopted in all respects.

DATED this 11th day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge