IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MINERVA SURGICAL, INC.,<br><br>    Plaintiff and Counterdefendant,<br><br>vs.<br><br>HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC,<br><br>    Defendants and Counterclaimants. | C.A. NO. 18-00217-JFB-SRF<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on parties' objections (D.I. 131 and D.I. 132) to the Report and Recommendation ("R&R") of the United States Magistrate Judge (D.I. 130). This is a patent infringement case under 35 U.S.C. § 101, *et seq*. This is the second case between these parties relating to endometrial ablation technologies. The first case, *Hologic, Inc., et al. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF, was tried to a jury in July of 2018 on the issue of damages. Minerva filed the present litigation against Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") in the Northern District of California, alleging infringement of U.S. Patent No. 9,186,208 ("the '208 patent") by Hologic's NovaSure ADVANCED device. By stipulation of the parties, this case was transferred from the Northern District of California to the District of Delaware (D.I. 85; D.I. 86).

The '208 Patent is directed to a method and system for performing endometrial ablation to treat uterine diseases. It comprises a shaft with an expandable and

1

contractible frame consisting of inner and outer frame elements, which expand upon insertion to bring an energy delivery surface into contact with the uterine cavity. A claim construction hearing was held before the United States Magistrate Judge on January 23, 2019.

In her R&R, the Magistrate Judge first adopted a modified version of Minerva's proposed construction, which is consistent with the parties' agreed-upon construction at the preliminary injunction stage, Hologic's proposed construction for the ensuing term "dissimilar material properties," the intrinsic and extrinsic record, and the relevant case authorities (D.I. 130 at 6). She rejected Minerva's attempt to import "spring characteristics" into the claim because the Northern District of California previously rejected a similar proposal by Minerva in briefing on the motion for a preliminary injunction (D.I. 130 at 9). The Magistrate Judge recommended adoption of Minerva's proposal for construction of the term "dissimilar material properties" for the same reasons that she found SDMP was not indefinite, stating there was no reason to construe the phrases separately (D.I. 130 at 12). She further recommended that the Court adopt the parties' agreed construction "the inner elements have a higher spring constant than the outer elements." D.I. 130 at 12.

The Magistrate Judge rejected Hologic's argument that the word "substantially" renders the term SDMP indefinite, noting that terms of degree are not inherently indefinite if the claim language "provide[s] enough certainty to one of skill in the art when read in the context of the invention," finding the specification of the '208 patent contains examples that provide guidance to a person of ordinary skill in the art (D.I. 130 at 6). She found "a person of ordinary skill in the art would understand from the '208

patent specification that the inner and outer frame elements must be configured to increase the surface area of the energy delivery surface, and this goal is achieved by varying the material and the thickness of the inner and outer frame elements." D.I. 130 at 7. She recommended that the Court adopt Minerva's proposed construction and construe "surface" to mean "exterior layer that covers the frame of the working end," noting that the construction was supported by the language of claim 13, which recites that "the frame has flexible outer elements in lateral contact with the compliant surface." D.I. 130 at 13. She noted that Hologic's proposed construction of the word would exclude the embodiments identified in the specification of the '208 patent D.I. 130 at 14.

Accordingly, the Magistrate Judge recommended that the Court construe disputed terms as follows :

| Claim Term | Recommended Construction |
| --- | --- |
| "substantially dissimilar material properties" | "the inner and outer frame elements have different thickness and different composition" |
| "dissimilar material properties" | Must be construed as part of the full term "substantially dissimilar material properties" per above |
| "the inner elements have a higher spring constant than the outer elements" | "the inner elements need more force per unit distance bent than the outer elements" |
| "surface" | "exterior layer that covers the frame of the working end" |

(D.I. 130 at 14)

Both parties object to the claim construction. Hologic objects to the construction of the terms SDMP and "surface." It challenges the Magistrate Judge's finding that the claim term "SDMP" was not indefinite. Hologic first contends the Court should find that the term is improperly vague, but concedes that if the term is not indefinite, then it

3

should adopt the Magistrate Judge's recommended construction of the term. It argues that the Magistrate Judge's interpretation of the term is case dispositive, that is, that the claims require that two parts of the accused product known as the inner and outer "flexures" have a "different composition," i.e., be made from different materials. It contends that because Minerva's experts have admitted that the inner and outer flexures of the accused product have the same composition—both are made from "304 stainless steel," then Minerva should stipulate to non-infringement under the Magistrate Judge's recommended construction.

Hologic next argues that, in construing the term "surface," the Magistrate Judge was misled by Minerva's flawed arguments regarding excluded embodiments and argues the Magistrate Judge's recommendation conflicts with the plain meaning of a "surface," which is "a two-dimensional area that is an outer face of an object and lacks thickness."

Minerva responds that the recommended construction is not case dispositive since even under the R&R's recommended construction of SDMP, Minerva contends that the NovaSure ADVANCED infringes the '208 Patent at least under the doctrine of equivalents. Further, it contends the Magistrate Judge correctly found that the SDMP term is not indefinite, but it also objects the Magistrate Judge's construction, proposing its interpretation instead. Minerva asserts the Magistrate Judge did not properly construe the term from the perspective of a person of ordinary skill in the art and the resultant construction unduly narrows the scope of the term. It proposes the term "SDMP" should be construed as "different thickness or width and different composition or treatment that provide different spring characteristics to influence the expandable

4

planar triangular shape of the energy delivery surface." Next, it argues Hologic's objection to the R&R's recommended construction of "surface is based on an unduly narrow reading of the word, conflating the claimed term "[energy delivery] surface"—which the specification makes clear is a three-dimensional structure—with the concept of a two-dimensional surface area.

Hologic counters that that Minerva's proposed construction of "SDMP" lacks any basis in the intrinsic record. It also challenges Minerva's assertion that the Magistrate Judge's recommended construction limitation contemplates different treatment as plainly incorrect. Hologic argues Minerva's proposal imports improper claim limitations.

I. LAW

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). The district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A Magistrate

5

Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). The court reviews findings of fact for clear error and legal conclusions *de novo*. *Id.*; *see also* Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary indicates plenary review as to matters of law").

"If a party objects timely to a Magistrate Judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" EEOC v. City of Long Branch, 866 F.3d 93 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

II. DISCUSSION

The Court has reviewed the parties' briefs and evidence (D.I. 109, 110, 111, 118, 119, 120, 121, & 122), the parties' objections and responses (D.I. 131, 132, 134 & 135) and finds no errors of fact or law in the Magistrate Judge's R&R findings (D.I. 130).

The Court agrees with the Magistrate Judge's finding that the term SDMP is not indefinite. Also, adoption of Minerva's proposed construction of that term would import limitations into the claims. The Court further finds the Magistrate Judge's R&R is consistent with intrinsic and extrinsic evidence and conforms to canons of claim construction.

The Court finds the Magistrate Judge's analysis is correct as a matter of fact and law. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's order (D.I. 130) is adopted.

2. The parties' objections (D.I. 131 and 132) are overruled.

3. the Magistrate Judge's R&R is adopted in all respects.

DATED this 21st day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge