**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MINERVA SURGICAL, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>HOLOGIC, INC., AND CYTYC SURGICAL<br>PRODUCTS, LLC,<br><br>              Defendants. | C.A. No. 18-217-JFB-SRF |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY

*Of Counsel:*

Matthew M. Wolf
Marc A. Cohn
William Z. Louden
William O. Young, Jr.
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
matthew.wolf@arnoldporter.com
marc.cohn@arnoldporter.com
william.louden@arnoldporter.com
william.young@arnoldporter.com

Ryan J. Casamiquela
Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
3 Embarcadero Center
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
ryan.casamiquela@arnoldporter.com
marty.koresawa@arnoldporter.com

Assad Rajani
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500
assad.rajani@arnoldporter.com

Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Defendants Hologic, Inc.*
*and Cytc Surgical Products, LLC*

April 15, 2021

## TABLE OF CONTENTS

I.      INTRODUCTION, STATEMENT OF FACTS, AND SUMMARY OF
        ARGUMENT .................................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ....................................... 3

III.    ARGUMENT ..................................................................................................... 3

        A.      Legal Standard ...................................................................................... 3

        B.      A Stay Will Conserve Judicial Resources ........................................... 4

        C.      The Status Of The Litigation Favors A Stay ....................................... 5

        D.      A Stay Will Not Unduly Prejudice Minerva Or Present A Tactical
                Advantage For Hologic ......................................................................... 6

IV.     CONCLUSION ................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
    C.A. No. 15-1168-LPS, 2021 WL 616992 (D. Del. Feb. 17, 2021) ....................................... 4, 6

*Brit. Telecomms. PLC v. IAC/InterActiveCorp*,
    C.A. No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ...................................... 6

*Dentsply Int'l Inc. v. Kerr Mfg. Co.*,
    734 F. Supp. 656 (D. Del. 1990) ............................................................................................. 3

*Ethicon LLC v. Intuitive Surgical, Inc.*,
    C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) ......................................... 4

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...................................... 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................................ 3

*Pact XPP Schweiz AG v. Intel Corp.*,
    C.A. No. 19-1006-JDW, D.I. 277 (D. Del. Nov. 5, 2020) ........................................................ 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .............................................................................................. 7

Defendants Hologic, Inc., and Cytyc Surgical Products, LLC (collectively, "Hologic") respectfully asks the Court to stay this matter (C.A. No. 18-217-JFB-SRF, "Minerva II") in view of the Court's recent decision to stay a related case (C.A. No. 20-925-JFB-SRF, "Minerva III") regarding the same technology, parties, products, and witnesses.

## I.   INTRODUCTION, STATEMENT OF FACTS, AND SUMMARY OF ARGUMENT

This case (Minerva II) is a retaliatory suit filed by Minerva in April 2017 following Hologic's first lawsuit against Minerva in late-2015 (C.A. No. 15-1031-JFB-SRF, "Minerva I"). After Hologic won more than $7 million at a trial in 2018, it learned that Minerva had concealed its commercialization of another device by misleadingly calling it a "prototype" and convincing the Court that it was "not on the market." (*See generally* Minerva III, D.I. 106 at 1-2, 4-5.) Absent that concealment, this "prototype" device would have been part of the 2018 trial. (*Id.*) Instead, Hologic had to file a new case against Minerva in 2020 (Minerva III) to recover damages for the sales of the so-called "prototype" in 2018.

At Minerva's request, Minerva II was stayed throughout 2020 in view of COVID-19 (although most other litigants in this country were able to continue pressing their claims). (*See* Apr. 7, 2020 Oral Order.) The stay was lifted on October 14, 2020 (Oct. 14, 2020 Oral Order), but nothing else has occurred in this case—dispositive and *Daubert* motions have been fully briefed since February 2020, and all that remains is preparation for trial. At the same time that the Minerva II stay was lifted, the Court ordered that Minerva III proceed on an accelerated basis, given Hologic's request for an early trial in view of Minerva's concealment and willful infringement. (*See* Minerva III, D.I. 20, ¶ 2.) The Court thus set the trials for Minerva II and Minerva III to run back-to-back in August 2021 so that the parties and the Court needed to make only one trip to Delaware. (*See* D.I. 316 at 1; Minerva III, D.I. 20, ¶ 16.) Indeed, both trials

involve the same parties, the same products, the same endometrial ablation technology, the same damages market, and most of the same witnesses.

Minerva I and Minerva III, however, have since been stayed. In particular, on August 28, 2020, the Court in Minerva I stayed execution on the $7+ million judgment pending the Supreme Court's decision on Minerva's appeal in that case. (Minerva I, D.I. 646 at 2-3.) On April 6, 2021, just last week, this Court also stayed Minerva III in view of the same Supreme Court proceedings. (Minerva III, D.I. 121 at 1.) Because Minerva III has been stayed, the Court should also stay Minerva II.

| Minerva I | Minerva II | Minerva III |
|---|---|---|
| Stayed on August 28, 2020 | Should be stayed as requested in the present Motion | Stayed on April 6, 2021 |

All of the relevant factors support a stay of Minerva II:

- *First*, a stay would promote judicial efficiency, because the Minerva II and Minerva III trials were set to proceed *in seriatim* this August in Delaware. The witnesses—as well as Judge Bataillon in Nebraska—would have travelled to Delaware **once** for both trials. These witnesses overlap because both trials involve the same parties, products, technology, markets, and company backstories. Because of the Court's recent decision to stay Minerva III, however, the parties and witnesses would now need to travel twice unless Minerva II is stayed. A stay would preserve the status quo of having one trip to Delaware for all concerned. It would likely also ease the Court's burden in coming up to speed on the second trial, given the overlap of issues, if the trials are done consecutively, rather than with a delay in between.

- *Second*, the status of Minerva II weighs in favor of a stay. The parties have submitted dispositive and *Daubert* motions and nothing more needs to be done except to prepare

for trial.  Indeed, the Minerva II case had already been stayed throughout 2020 and nothing has happened since the stay was lifted.

- *Third*, Minerva will not be unduly prejudiced by a stay, nor would it provide Hologic with any tactical advantage.  Indeed, **Minerva requested that this case be stayed throughout 2020**, and as a result the remaining case schedule was pushed back by 13 months. Minerva cannot now argue that its claims demand urgency.  And there would be no tactical advantage for Hologic, which seeks only the status quo, *i.e.*, that Minerva II and Minerva III be tried back-to-back so the parties and the Court need make only one trip to Delaware.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Minerva filed the Complaint in this case in April 2017.  (D.I. 1.)  Fact and expert discovery are complete.  Summary judgment and *Daubert* briefing was completed in February 2020.  The case was stayed in April 2020—three months before the scheduled July 20, 2020 trial date—due to the COVID-19 pandemic.  (Apr. 7, 2020 Oral Order.)  The stay was lifted in October 2020.  (Oct. 14, 2020 Oral Order.)  The parties are scheduled to begin making pre-trial disclosures in May 2021.  (D.I. 316 at 2.)  A ten-day trial is scheduled to begin August 9, 2021, "subject to courtroom availability and the priority of other trials previously scheduled ahead of it."  (Oct. 20, 2020 Oral Order; D.I. 316 at 1.)

## III.    ARGUMENT

### A.    Legal Standard

The decision whether to grant a stay is discretionary.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts typically consider three factors in deciding how to exercise this discretion:  (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to

suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (quoting *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

### B.   A Stay Will Conserve Judicial Resources

The first factor—whether a stay will simplify issues for trial—is not to be considered in a theoretical or academic vacuum but with practical considerations in mind.  For example, in *American Axle*, the Court observed that "the simplification factor includes the reality that judicial economy favors avoiding the complexity and expenditure of resources that would result from this case proceeding simultaneously in both a trial court and the Supreme Court."  2021 WL 616992, at *2.  Here, judicial economy favors consecutive trials in Minerva II and Minerva III given the substantial overlap of witnesses and issues.  The following are witnesses identified by both parties in their initial disclosures and/or trial witness lists:

| Minerva's witnesses identified for Minerva II and Minerva III | Hologic's witnesses identified for Minerva II and Minerva III |
|---|---|
| Likely live witnesses: | Likely live witnesses: |
| Dave Clapper (Minerva CEO)<br>Eugene Skalyni (Minerva medical officer)<br>Csaba Truckai (Minerva founder/inventor)<br>Robert Tucker (technical expert)<br>Blake Inglish (damages expert) | William Lucas Churchill (VP of R&D)<br>Edward Evantash (former medical officer)<br>William Jamieson (physician expert)<br>Karl Leinsing (engineering expert)<br>Dave Clapper (Minerva CEO)<br>Dom Filloux (Minerva technical fact witness) |
| Other witnesses identified in both cases: | Other witnesses identified in both cases: |
| Peter Casella<br>William Lucas Churchill<br>Eric Compton<br>Shanna Deng<br>Edward Evantash<br>Douglas Gearity<br>Daniel Hayes | Thomas Pendlebury<br>Eugene Skalnyi<br>Csaba Truckai<br>Peter Casella<br>Eric Compton<br>Douglas Gearity<br>Daniel Hayes |

| | |
|---|---|
| Dominic Hulton | Dominic Hulton |
| Mark Hunter | Mark Hunter |
| Russell Layton | Blake Inglish |
| Paul MacNeill | Russell Layton |
| Adam Mascari | Craig McKnight |
| Craig McKnight | Michael Meier |
| Michael Meier | Nicholas Moussa |
| Nicholas Moussa | Thomas O'Neill |
| Tom O'Neill | Whitney Parachek |
| Whitney Parachek | Shacey Petrovic |
| Shacey Petrovic | Robert Tucker |

As shown in the table above, the majority of the live witnesses likely to be called at trial will be called in both Minerva II and Minerva III. This is because both cases involve many of the same issues:

| Overlapping issues between Minerva II (this case) and Minerva III (stayed case) | | |
|---|---|---|
| | *Minerva II* | *Minerva III* |
| *Parties* | Minerva and Hologic | Hologic and Minerva |
| *Products* | Minerva's EAS and Hologic's NovaSure | Hologic's NovaSure and Minerva's EAS |
| *Technology* | Endometrial ablation | Endometrial ablation |
| *Market* | Global endometrial ablation treatments | Global endometrial ablation treatments |
| *Damages based on* | Minerva's and Hologic's sales | Minerva's and Hologic's sales |

Staying Minerva II so that the trials can run consecutively would simplify the lives of most of the witnesses as well as the Court, who also must travel to Delaware and come up to speed on the cases.

### C.    The Status Of The Litigation Favors A Stay

This case is in the ideal posture for a stay. Although discovery is complete, the trial date is merely tentative and "subject to courtroom availability and the priority of other trials

previously scheduled ahead of it."  (Oct. 20, 2020 Oral Order; D.I. 316 at 1.)  Moreover, as the

Court observed in *American Axle*, "the ongoing impact of the coronavirus pandemic would

render it imprudent to set a trial date at this time."  2021 WL 616992, at *2; *Brit. Telecomms.*

*PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept.

11, 2020) ("[I]n light of the COVID-19 pandemic, it seems highly unlikely that the present

schedule will hold. . . .  And once trials resume, the district court will be faced with the challenge

of dealing with the backlog of civil cases that has built up . . . ."); Order at 3, *Pact XPP Schweiz*

*AG v. Intel Corp.*, C.A. No. 19-1006-JDW, D.I. 277 (D. Del. Nov. 5, 2020) (Ex. 1) ("The Court

is also mindful of challenges it and the Parties face due to Covid-19 and corresponding

restrictions.  If this case were to proceed on its current schedule, the trial would likely be subject

to significant delays.").  Magistrate Judge Fallon aptly acknowledged during a telephonic

hearing:  "[I]t's not as simple as in pre-pandemic days to get a courtroom ready for trial and get

the witnesses over here for trial, as you know. . . .  And bear in mind, too, that you have Judge

Bataillon traveling from Nebraska to be physically present here with a Delaware jury.  So that's

another factor physically."  (Minerva III, D.I. 21 at 14:10-17.)

     Further, the Minerva II case had already been stayed for six months from April 7, 2020

until October 14, 2020.  Dispositive motions have been fully briefed and submitted to the Court

and a decision on those is pending.  All that is left to do is to prepare for trial.

    **D.**    **A Stay Will Not Unduly Prejudice Minerva Or Present A Tactical Advantage For Hologic**

     In determining whether a plaintiff would suffer undue prejudice, this Court typically

examines several factors, including the timing of the request for a stay and the relationship of the

parties.  *See IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL

3943058, at *5 (D. Del. Aug. 21, 2019).  "[W]hether the patentee will be *unduly prejudiced* by a

stay . . . , like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim. A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).

Minerva cannot show a need for expeditious resolution of its claims, as it already voluntarily stayed this case for six months, which resulted in a more-than-one-year postponement in the trial date (from July 20, 2020 to August 9, 2021). Minerva might claim it will suffer prejudice because it might seek a permanent injunction if it prevails, but that does not justify denying a stay here when Minerva already asked for and received a stay of the case that delayed its trial by more than a year. Additionally, the Court already denied Minerva's motion for preliminary injunction, finding that Minerva had no likelihood of success on the merits because its "tortured position" on claim construction and infringement "breache[d] basic principles of claim construction," defied "common sense," and was based on features of the accused product that "have nothing to do with" the claims. (D.I. 80 at 4, 6-7.) Minerva has since abandoned its literal infringement theories, and its sole remaining infringement theory is under the doctrine of equivalents, which, as Hologic shows in its motion for summary judgment, is equally specious. (D.I. 207); *VirtualAgility*, 759 F.3d at 1318-19 (reversing order denying motion to stay despite patentee arguing that "it needs injunctive relief as soon as possible to prevent irreparable harm to its business").

## IV.     CONCLUSION

For the foregoing reasons, Hologic respectfully requests that the Court grant Hologic's Motion and stay this action (Minerva II) until the stay of Minerva III has been lifted.

DATED: April 15, 2021

*Of Counsel:*

Matthew M. Wolf
Marc A. Cohn
William Z. Louden
William O. Young, Jr.
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
matthew.wolf@arnoldporter.com
marc.cohn@arnoldporter.com
william.louden@arnoldporter.com
william.young@arnoldporter.com

Ryan Casamiquela
Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
3 Embarcadero Center
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
ryan.casamiquela@arnoldporter.com
marty.koresawa@arnoldporter.com

Assad Rajani
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500
assad.rajani@arnoldporter.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Defendants, Hologic, Inc.*
*and Cytyc Surgical Products, LLC*

8

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on April 15, 2021, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF (which will send notification that such filing is available for viewing and

downloading to all registered counsel), and in addition caused true and correct copies of the

foregoing document to be served upon the following counsel of record by electronic mail:

---

*Attorneys for Plaintiff Minerva Surgical, Inc.:*

Ian R. Liston                                              iliston@wsgr.com
Jennifer A. Ward                                          jward@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
222 Delaware Avenue, Suite 800
Wilmington, DE  19801

Vera M. Elson                                             velson@wsgr.com
Dale R. Bish                                              dbish@wsgr.com
Christopher D. Mays                                       cmays@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304-1050

Edward G. Poplawski                                       epoplawski@wsgr.com
Olivia M. Kim                                             okim@wsgr.com
Erik J. Carlson                                           ecarlson@wsgr.com
Neil N. Desai                                             ndesai@wsgr.com
Ty W. Callahan                                            tcallahan@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071

---

                                        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                        */s/ Karen L. Pascale*

April 15, 2021                          _____
                                        Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
                                        Pilar G. Kraman (#5199) *[pkraman@ycst.com]*
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone:  302-571-6600

                                        *Attorneys for Defendants, Hologic, Inc.*
                                        *and Cytyc Surgical Products, LLC*

22963117.1