IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MINERVA SURGICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-217-JFB-SRF |
| | ) | |
| HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is the motion of defendants Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") to stay the action until the stay has been lifted in the related action captioned *Hologic, Inc. et al. v. Minerva Surgical, Inc.*, C.A. No. 20-925-JFB-SRF.[1] (D.I. 322) For the following reasons, Hologic's motion to stay is DENIED.

### II. BACKGROUND

On April 11, 2017, plaintiff Minerva Surgical, Inc. ("Minerva") filed this civil action (the "Second Action") in the Northern District of California, alleging infringement of U.S. Patent No. 9,186,208 ("the '208 patent") by Hologic's NovaSure Advanced product. (D.I. 1) At the parties' joint request, the court transferred the Second Action to this district in February 2018 so that it could proceed in Delaware along with *Hologic, Inc. et al. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF (the "First Action"), a patent infringement action that was filed by

---

[1] The briefing and other filings associated with the pending motion to stay are found at D.I. 323, D.I. 324, D.I. 325, D.I. 326, and D.I. 327.

Hologic against Minerva in November 2015.[2] (D.I. 85; D.I. 86) Thereafter, this court entered a scheduling order setting a July 20, 2020 trial date. (D.I. 98) In accordance with the scheduling order and amendments thereto, fact and expert discovery are closed and case dispositive motions are fully briefed. (D.I. 128; D.I. 155; D.I. 195)

On April 6, 2020, Minerva filed a stipulation to stay the Second Action due to the COVID-19 pandemic, noting that state-issued Shelter in Place Orders prevented the parties and their attorneys from adequately preparing for a July 2020 jury trial. (D.I. 310) At the time the stipulation was filed, the court was operating under a standing order suspending jury trials that remained in place until April 5, 2021. (3/18/2020 Standing Order at ¶ 2; 4/5/2021 Jury Trial Notice) Accordingly, the court granted the stay and vacated the pretrial and trial dates. (4/7/2020 Oral Order) The stay was lifted on October 14, 2020, and the court thereafter entered an amended scheduling order setting a 10-day jury trial to begin on August 9, 2021. (D.I. 316)

Meanwhile, the court issued its summary judgment ruling in the First Action in June 2018. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507 (D. Del. 2018). The decision was appealed to the Federal Circuit, which determined that the court did not abuse its discretion in applying assignor estoppel in the First Action. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1267 (Fed. Cir. 2020). Minerva appealed the Federal Circuit's ruling on assignor estoppel to the United States Supreme Court, and the trial court stayed execution on the judgment in the First Action pending resolution of the petition for writ of certiorari. (C.A. No. 15-1031-JFB-SRF, D.I. 646 at 2-3) On January 8, 2021, the Supreme Court granted Minerva's petition for writ of certiorari. *Minerva Surgical, Inc. v. Hologic, Inc.*,

---

[2] In the First Action, Hologic alleged that Minerva's Endometrial Ablation System ("EAS") infringed Hologic's U.S. Patent Nos. 6,872,183 ("the '183 patent") and 9,095,348 ("the '348 patent"). *See Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507 (D. Del. 2018).

2

141 S. Ct. 975 (2021). Oral argument was held before the Supreme Court on April 21, 2021, and a decision is expected by the end of June 2021. (D.I. 325, Ex. 3)

Shortly after the Federal Circuit issued its decision on appeal in the First Action, Hologic filed another patent infringement action against Minerva alleging infringement of the '348 patent by Minerva's redesigned Endometrial Ablation System ("Redesigned EAS") during the five-month period before the '348 patent expired (the "Third Action"). (C.A. No. 20-925-JFB-SRF, D.I. 1 at ¶¶ 1, 35, 61) The First and Third Actions are substantially related. The Third Action was scheduled for trial beginning on August 23, 2021, immediately following the trial in the Second Action. (C.A. No. 20-925-JFB-SRF, D.I. 20) On April 6, 2021, the court stayed the Third Action pending resolution of the Supreme Court's appeal in the First Action. (*Id.*, D.I. 121; D.I. 122)

### III. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## IV. DISCUSSION

### A. Simplification of Issues

A stay will not simplify the issues for trial in this case because the legal issues in the Third Action are substantially different from the legal issues in the Second Action. *See Hemostemix, Inc. v. Accudata Sols., Inc.*, C.A. No. 20-881-RGA, 2021 WL 1198137, at *4 (D. Del. Mar. 30, 2021) ("[A]s there are different issues in each of the cases, it would not be beneficial to judicial economy to stay this action while the Florida Action is pending. The issues in this case will still need to be resolved after completion of the Florida Action, so a stay would not promote judicial economy."). Although the Second and Third Actions involve the same parties, the asserted patents and accused products are different.[3] Thus, the infringement and invalidity issues in this case will not be simplified or resolved regardless of impending developments in the First or Third Actions. Moreover, the assignor estoppel issue currently pending before the Supreme Court in the First Action will not impact any claims in the Second Action.

Hologic does not meaningfully argue that a stay would simplify the issues for trial in this case. Instead, Hologic contends that a stay "would promote judicial efficiency" by facilitating back-to-back trials in the Second and Third Actions, requiring parties and witnesses to travel to Delaware only once. (D.I. 323 at 2, 4-5) Hologic's reliance on *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC* does not advance its position. In that case, the court considered the efficiencies in staying the case to avoid having the same case proceed

---

[3] In the Second Action, Minerva alleges that Hologic's NovaSure® ADVANCED product infringes Minerva's '208 patent, and Hologic asserts counterclaims for invalidity of the '208 patent and correction of inventorship. (D.I. 1; D.I. 59) In the Third Action, Hologic alleges that Minerva's Redesigned EAS product infringes Hologic's '348 patent. (C.A. No. 20-925-JFB-SRF, D.I. 1)

4

simultaneously in the trial court and the Supreme Court. C.A. No. 15-1168-LPS; 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021). Here, no issues in the Second Action are pending before the Supreme Court. The District of Utah's decision to stay both the claims and counterclaims in *C.R. Bard, Inc. v. Medical Components, Inc.* is also distinguishable because the counterclaims were part of the same civil action as the plaintiff's claims. 2012 WL 6574663, at *2 (D. Utah Dec. 17, 2012). Moreover, other factors weighed in favor of a global stay in *C.R. Bard*, such as the early stage of the litigation. *Id.* The Second Action is a separate civil action, and the claims raised in the Second Action will not be simplified by staying the case based on events occurring in the Third Action.[4] For these reasons, this factor weighs against a stay.

### B. Stage of Litigation

This case is in its final stage. Discovery is complete, case dispositive motions are fully briefed, and all that remains in the schedule is the pretrial conference and the trial. *See Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284-LPS; 2018 WL 3046511, at *2 (D. Del. June 20, 2018) (finding the advanced stage of the litigation disfavored a stay where expert discovery had not yet closed and case dispositive motions had not been filed). Pursuant to the court's April 5, 2021 Notice, the suspension of civil jury trials has expired, and jury trials have resumed in this district. Therefore, Hologic's reliance on cases citing the Covid-

---

[4] Hologic's argument regarding the efficiencies to be gained from back-to-back trials does not alter the result. Depending on the outcome of the Supreme Court's decision in the First Action, the Third Action may never go to trial. In that event, the stay in this case will have served no purpose other than to cause delay. Moreover, Hologic expresses confidence that this action will be fully resolved on summary judgment, which would eliminate any concerns about inefficiencies stemming from non-consecutive trials in the Second and Third Actions. (D.I. 326 at 2) Instead of staying Minerva's claims based on a potential or predicted outcome in this or another case, the more appropriate course of action is to allow this case to proceed.

19 pandemic as a reason to delay the case schedule are no longer applicable. (D.I. 323 at 6) This factor weighs against a stay.

### C. Prejudice

A stay is likely to prejudice Minerva. "[A] patentee has an interest in prompt enforcement of its patent rights," particularly where, as here, the parties are direct competitors. *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB; 2020 WL 6270776, at *3 (D. Del. Oct. 26, 2020); *British Telecommc'ns PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB; 2020 WL 5517283, at *7 (D. Del. Sept. 11, 2020) (observing that a delay in adjudicating alleged infringement among competitors may result in potential loss of market share and erosion of goodwill). Unlike the expired '348 patent at issue in the Third Action, Minerva's '208 patent will not expire for another eight years, and the harms resulting from the alleged infringement continue to accrue. (D.I. 324 at 17) Accordingly, Minerva sought a preliminary injunction at the outset of the case and seeks a permanent injunction to enjoin Hologic from further sales of the accused product. (D.I. 1 at 7; D.I. 35) This further supports Minerva's contention that real prejudice could result from the imposition of a stay. *See SenoRx, Inc. v. Hologic, Inc.*, C.A. No. ; 2013 WL 144255, at *8 (D. Del. Jan. 11, 2013). This factor weighs against a stay.

### V. CONCLUSION

Each of the stay factors weighs against granting Hologic's motion to stay. Accordingly, Hologic's motion to stay the proceedings is DENIED. (D.I. 322) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: May 7, 2021

                                                   Sherry R. Fallon
                                                   United States Magistrate Judge