IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MINERVA SURGICAL, INC.<br><br>    Plaintiff and Counterdefendant,<br><br>vs.<br><br>HOLOGIC, INC. and CYTYC SURGICAL PRODUCTS, LLC,<br><br>    Defendants and Counterclaimants. | C.A. NO. 18-00217-JFB-SRF<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on objections filed by defendants Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") (D.I. 331) to the Memorandum Opinion and Order of the United States Magistrate Judge (D.I. 328, 329) denying its motion to stay (D.I. 322). This is a patent infringement case under 35 U.S.C. § 101, *et seq*.

I.     BACKGROUND

This is one of three cases between these parties relating to endometrial ablation technologies. In the first case, *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 1:15-1031-JFB-SRF, Hologic alleged defendant Minerva Surgical, Inc.'s Endometrial Ablation System ("EAS") infringed U.S. Patent Nos. 6,872,183 ("the '183 patent") and 9,095,348 ("the '348 patent").[1] *See Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507 (D.

---

[1] The '183 patent was invalidated by the Patent and Trademark Appeals Board ("PTAB") in a December 15, 2017 final written decision. (C.A. 1:20CV925, D.I. 61, Ex. 8 at 6) The Federal Circuit affirmed the PTAB's

1

Del. 2018), *aff'd,* 957 F.3d 1256 (8th Cir. 2020), *vacated and remanded,* No. 20-440, 2021 WL 2653265 (June 29, 2021). On motions for summary judgment, the Court found that Minerva had infringed the asserted claims of Hologic's patents and that Minerva's defense of invalidity was precluded by the doctrine of assignor estoppel. *Id.,* 325 F. Supp. 3d at 532, 526. The action was tried to a jury on the issue of damages and a judgment in the amount of $4.2 million was affirmed by the Federal Circuit. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1271-72 (Fed. Cir. 2020). The Supreme Court vacated the Federal Circuit's judgment and remanded for a determination of whether the assignor's representations in making the assignment conflict with his later invalidity defense so as to make the doctrine of estoppel applicable. *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 20-440, 2021 WL 2653265, at *11.

Minerva originally filed the present case, *Minerva, Inc. v. Hologic, Inc. and Cytyc Surgical Products, Inc.,* C.A.1:18CV217 ("the second action") in the Northern District of California, alleging Hologic's NovaSure ADVANCED device infringed of U.S. Patent No. 9,186,208 ("the '208 patent"), entitled "Systems for Endometrial Ablation." D.I. 1, Ex. B. Hologic asserts defenses of noninfringement, invalidity, prosecution history estoppel, equitable estoppel, unclean hands, implied license, failure to join an indispensable party, and ownership. D.I. 59. Hologic also asserts a counterclaim for a declaratory judgment of noninfringement and seeks a correction of inventorship of the '208 patent. It contends that employees of its predecessor corporation conceived and developed the asserted

---

final written decision in April 2019. *Hologic, Inc. v. Minerva Surgical, Inc.*, 764 F. App'x 873, 881 (Fed. Cir. 2019)).

claims of the '208 patent before Minerva filed its application. D.I. 59. The matter is set for a ten-day trial beginning on August 9, 2021. D.I. 316.

There is also a third action pending in this district. *Hologic, Inc., v. Minerva Surgical, Inc.*, C.A. 1:20cv925 ("the third action"). That action involves Minerva's redesigned Endometrial Ablation System ("Redesigned EAS") and alleged infringement of the '348 patent by during the five-month period before it expired. C.A. 1:20CV925, D.I. 1. The third action had been set for trial on August 23, 2021, immediately following the trial of this action, but was stayed pending the Supreme Court's decision in the first action.

The Magistrate Judge declined to stay the present action, finding it a separate civil action involving a different patent and noting that Minerva would be prejudiced by a delay. D.I. 328. Further, the Magistrate Judge found that the claims raised in the present action would not be simplified by staying the case based on events occurring in the cases involving the '348 Patent. *Id.* at 5.

Hologic objects to the magistrate's finding. It argues there is substantial overlap between the cases.

II. LAW

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The court reviews findings of fact for clear error and legal conclusions *de novo*. *Id.*; *see also Haines v.*

3

*Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law").

III.     DISCUSSION

The Court has reviewed the parties' briefs and evidence (D.I. 322, 323, 324, 325, 326, and 327), as well as Hologic's objections to the Magistrate Judge's finding and response (D.I. 331 and 333). The Court finds no error in the Magistrate Judge's denial of Hologic's motion to stay.

Although all three of the cases involve the same parties and similar technology and products, they involve different patents, different legal issues (including inventorship), and different factual scenarios. The Court agrees with the Magistrate Judge that the three factors a court considers in connection with a motion to stay—whether a stay will simplify the issues for trial; the status of the litigation, particularly whether discovery is complete and a trial date has been set; and whether a stay would cause the nonmovant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage—weigh in favor of denial.

The United States Supreme Court has now issued its decision on the assignor estoppel issue, clarifying its scope, and the court can apply that holding to the extent it is relevant in this case. *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 20-440, 2021 WL 2653265, at *7-*10. In light of that development, a stay would not serve to simplify any issues. The status of the litigation is that the case is in its final stages—discovery is complete, dispositive motions are pending, and the pretrial conference and the trial are scheduled. Further, Minerva asserts that a stay would operate to its detriment. Also, the factors that motivated setting the trials of the second and third cases in close

4

succession—including pandemic-related concerns and convenience of parties and witnesses—are of limited importance in light of the Supreme Court's remand of the first action. The Court finds the Magistrate Judge's analysis is correct as a matter of fact and law. Accordingly,

IT IS ORDERED:

1. Hologic's objections (D.I. 331) are overruled.

2. The Order of the Magistrate Judge (D.I. 329) is affirmed.

3. Hologic's motion to stay (D.I. 322) is denied.

DATED this 8th day of July 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge